

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher A. Merrill, | CASE NO.: CV05-1150-SVW(MANx) |
|     Plaintiff | NEW CASE ORDER |
| vs. | |
| Paramount Pictures, Inc., et al., | |
|     Defendant. | |



This case has been assigned to the calendar of Judge Stephen V. Wilson. The Court fully adheres to Rule 1 of the Federal Rules of Civil Procedure which requires that the Rules be "construed to secure the just, speedy and inexpensive determination of every action."

Counsel should also be guided by the following special requirements:

1. The Plaintiff shall promptly serve the complaint in accordance with the Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.

2. The attorney attending any proceeding before this Court must be the attorney who is primarily responsible for the conduct of the case.

3. Motions: Motions shall be filed and set for hearing in accordance with Local Rule 7-4 through 7-8. Motions are heard on Mondays at 1:30 p.m., unless otherwise ordered by this Court. If Monday is a national holiday, this Court DOES NOT hear



1   motions on the succeeding Tuesday.   Any motions noticed for a holiday shall

2   automatically be set to the next Monday without further notice to the parties.

3         A. <u>Page Limits</u>: Memoranda of Points and Authorities in support of or in

4   opposition to motions shall not exceed <u>25 pages</u>.   Replies, thereto, shall not exceed

5   <u>12 pages</u>.   These are maximum page limits.   It is the Court's preference that the

6   pleadings be shorter.   If it cannot be said briefly, then it is not a "brief."

7         B. <u>Motions for Summary Judgment</u>: Use of depositions.

8         Pursuant to Local Rule 32-1, no original or copy of a deposition shall be

9   lodged in support of a Motion for Summary Judgment (or other substantive motion).

10  Counsel shall file the pertinent excerpts of depositions as an exhibit or supplement to

11  said motion.

12        4. DISCOVERY: ALL DISCOVERY MATTERS HAVE BEEN REFERRED

13  TO   A   UNITED   STATES   MAGISTRATE   JUDGE   (see   initial   designation   in

14  parenthesis   following   the   case   number)   for   the   specific   purpose   of   hearing   all

15  discovery   matters.   Discovery   disputes   of   a   significant   nature   should   be   brought

16  promptly before the Magistrate Judge.  The Court does not look favorably upon delay

17  resulting from unnecessarily unresolved discovery disputes.  Any discovery disputes

18  that   are   not   resolved   three   (3)   weeks   prior   to   the   scheduled   trial   date   should   be

19  brought promptly and directly to the attention of <u>this</u> Court.  Counsel are directed to

20  contact the clerk for the assigned Magistrate Judge to schedule matter for hearing.

21  The words <u>DISCOVERY MATTER</u> shall appear in the caption of all documents

22  relating to discovery to insure proper routing.

23        The decision of the Magistrate Judge shall be final and binding, subject to

24  modification by the District Court only where it has been shown that the Magistrate

25  Judge's order is clearly erroneous or contrary to law.

26        Within ten (10) days of an oral ruling which the Magistrate Judge indicates will

27  not be followed by a written ruling, or within ten (10) days of service upon him/her

28  of   a   written   ruling   any   party   may   file   and   serve   a   motion   for   review   and

1  reconsideration before this Court, specifically designating the portions of the decision
2  objected to and specifying wherein such portions of the decision are clearly erroneous
3  of contrary to law, with points and authorities in support thereof.  A copy of the
4  moving papers and responses, etc., shall be delivered to the Magistrate Judge's clerk
5  for review upon the filing of said documents.

6      5. EX PARTE APPLICATIONS: Ex parte applications are considered on the
7  papers and are not set for hearing.  Counsel are advised to file and serve their ex parte
8  applications as soon as they realize that extraordinary relief is necessary.  Counsel are
9  advised that this Court allows ex parte applications solely for extraordinary
10  relief. Sanctions may be imposed for misuse of ex parte applications.  <u>See In Re:</u>
11  <u>Intermagnetics America, Inc.</u>, 101 Bankr. 191 (C.D. Cal. 1989).  The requesting party
12  shall notify the responding party that opposing papers must be filed not later than
13  3:00 p.m. on the first business day succeeding the day the ex parte was <u>served</u>.
14  If counsel are not going to oppose the ex parte application, they must inform the clerk
15  at (213)894-2881. Counsel will be notified by the clerk of the Court's ruling.

16      6. TRIAL PREPARATION: This Court strives to set trial dates as early as
17  possible and does not approve of unnecessarily protracted discovery.  This Court
18  issues an "Order Re: Trial Preparation" upon the setting of a trial date.

19      7. CONTINUANCES: Continuances are granted only upon a showing of good
20  cause, particularly focusing upon evidence of diligent work by the party seeking delay
21  and of prejudice that may result from the denial of a continuance.  Counsel requesting
22  a continuance MUST submit a <u>detailed</u> declaration as to the reason.  Any continuances
23  requested not accompanied by said declaration will be rejected without notice to the
24  parties.  The Court sets <u>firm</u> trial dates and will not change them without good cause
25  having been shown.

26      8. STIPULATIONS: NO stipulations extending scheduling dates set by this
27  Court are effective unless approved by this Court.   All stipulations must be
28  accompanied by a <u>detailed</u> declaration explaining the reason for the stipulation.  Any

1  stipulation not in compliance with this Order or the Local Rules of the Central District

2  will automatically be rejected without notice to the parties.  Stipulations shall be

3  submitted well in advance of the relief requested.  Counsel wishing to know whether

4  or not a stipulation has been signed shall comply with Local Rule 11-4.5.

5      9.  NOTICE:  Counsel for plaintiff, or plaintiff, if appearing on his or her own

6  behalf, is required to promptly give notice of these requirements to the opposing

7  parties or their counsel.  If this case came to this Court via a Petition for Removal, this

8  burden falls to the removing defendant.

9      10. NOTICE OF REMOVAL: Any answers filed in state court must be re-filed

10  in this Court as a supplement or exhibit to the Notice.  If an answer has not, as yet,

11  been filed, said answer or responsive pleading shall be filed in accordance with the

12  Federal Rules of Civil Procedure and the Local Rules of the Central District.  Any

13  pending motions must be re-noticed according to Local Rule 7-4.

14      11.  BANKRUPTCY APPEALS: Counsel shall comply with the ORDER RE

15  PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT

16  issued at the time the appeal is filed in the District Court.   The matter is considered

17  submitted upon the filing of the appellant's reply brief.  No oral argument is held

18  unless by order of this Court.

19      12.  TRANSCRIPTS: Requests for transcripts shall be made by telephone or in

20  writing to: Mark Schweitzer, Official Reporter, U.S. Courthouse, 312 N. Spring St.,

21  Rm. #453, Los Angeles, CA 90012.  (213) 626-7560.  Arrangements for daily and/or

22  realtime transcripts shall be made with the court reporter .

23

24  Dated:  February 18, 2005

25  STEPHEN V. WILSON
   UNITED STATES DISTRICT JUDGE

26

27

28

-4-